UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JAMES A. BARRY,<br><br>    Petitioner,<br><br>  vs.<br><br>JOHN SALAZAR, Warden,<br><br>    Respondent. | Case No: C 09-2641 SBA (pr)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner, James Arthur Barry, Jr., has filed a pro se Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, to challenge the revocation of his state probation. The Court issued an Order to Show Cause ("OSC") directing Respondent to demonstrate why the writ should not be granted. Respondent timely responded to the OSC and submitted the record. Dkt. 7. Petitioner did not file a Traverse. For the reasons discussed below, the Petition is DENIED.

I.   **BACKGROUND**

    A.   **UNDERLYING CONVICTION**

On March 22, 2005, the Mendocino County District Attorney charged Petitioner with lewd acts upon a child, Cal. Penal Code § 288(a), providing harmful matter to a minor, Cal. Penal Code § 288.2(a), misdemeanor distribution of harmful matter, Cal. Penal Code § 313.1(a), and misdemeanor child molestation, Cal. Penal Code § 647.6(a). See Resp't Ex. A at 3-6 (Clerk's Transcript ("CT")). These charges were based on Petitioner's molestation of his daughter. CT 36.

On April 7, 2005, Petitioner pleaded no contest to committing lewd acts upon a child, Cal. Penal Code § 288(a), pursuant to a negotiated disposition.  CT 8.

On June 21, 2005, the trial court imposed a six-year prison term, suspended execution of sentence and placed Petitioner on probation.  CT 9-15.

### B.  PROBATION REVOCATION

Michael Neal ("Neal") was Petitioner's Probation Officer.  See Resp't Ex. E at 9-10 (Reporter's Transcript of Probation Revocation Hearing ("RT")).  Neal met with Petitioner on at least two occasions, and directed him to attend the Narum Clinical Associates sex offender treatment clinic as a condition of his probation.  RT 10, 12.

Petitioner enrolled in the Narum program, as directed.  RT 13.  However, Gail Narum ("Ms. Narum"), the Program Director, later notified Neal by telephone that Petitioner could no longer participate in the sex offender treatment program.  Id. Specifically, Ms. Narum informed Neal that Petitioner had violated two of the program's rules and that he had new criminal charges filed against him.  RT 13, 18, 23-24.  At Neal's request, Ms. Narum faxed him a letter regarding Petitioner's conduct.  RT 13.

On August 17, 2006, Neal filed a petition to revoke Petitioner's probation with the Mendocino County Superior Court.  CT 17.  He attached a copy of Ms. Narum's letter to the petition.  Id.  In the petition, Neal alleged that Petitioner had been dropped from the Narum Clinical Associates sex offender treatment program after having admitted to engaging in sexual relations without permission.  CT 17.  It was further alleged Petitioner had lied to Narum Clinical Associates and that he had contact with a nine-year-old female. Id.

A contested hearing on the petition took place on October 5, 2006.  CT 22.  The prosecution called Neal as its only witness.  Neal then testified regarding what Ms. Narum had told him, and the prosecution offered Ms. Narum's letter into evidence.  RT 13. Petitioner's counsel objected to Neal's testimony and the letter as inadmissible hearsay.  RT 5-7, 19.  In response, the prosecutor explained that she tried to convince Narum to testify but that "Ms. Narum didn't want to do that, so we're proceeding in that fashion."  RT 6.

While expressing its preference for Narum's live testimony, the trial court ultimately admitted "portions of People's Exhibit 1" (i.e., the Narum report) as reliable and credible. RT 19.  The relevant portions admitted included statements reporting that Petitioner had been terminated for violating program rules 5 and 7.  Id.  Petitioner's admission to a program therapist regarding his misconduct also was admitted by the trial court.  RT 19-20.  Finally, the trial court admitted Ms. Narum's statement that clinic personnel were limited in their ability to monitor petitioner's behavior and compliance.  RT 20.

The trial court sustained the petition and revoked Petitioner's probation, finding that he had failed to obey his probation officer's orders to complete the sex offender treatment program.  RT 33; CT 22.  On December 28, 2006, the trial court imposed a prison term of six years.  CT 46-47.

Petitioner appealed the trial court's decision to the California Court of Appeal, which, on December 26, 2007, affirmed the judgment in an unpublished decision.  See Resp't Ex. B.[1]  On March 12, 2008, the California Supreme Court denied review.  See id. Ex. C.  On October 6, 2008, the United States Supreme Court denied certiorari.  See id. Ex D.

On June 15, 2009, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in this Court.  Dkt. 1.  On April 5, 2010, Petitioner filed an amended petition.  Dkt. 4.  Petitioner contends that his Sixth Amendment right to confrontation was violated as a result of the trial court's decision to allow hearsay–namely, the letter from Ms. Narum—to establish the truth of the probation violation allegations.  See Am. Pet. at 7.  Respondent filed a response to the Petition on December 6, 2010.   Dkt. 7-1.  Though the Court granted Petitioner's request for an extension of time to file a Traverse, he never filed one.  Dkt. 10.

---

[1] See People v. Barry, No. A116395, 2007 WL 4510362 (Cal.App. 1 Dist., Nov. 17, 2005).

## II. STANDARD OF REVIEW

The instant Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. Under AEDPA, a federal court cannot grant habeas relief with respect to any claim adjudicated on the merits in a state-court proceeding unless the proceeding "resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1) (emphasis added).

A state court decision is "contrary to" clearly established federal law "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [its] precedent." Lockyer v. Andrade, 538 U.S. 63, 73 (2003) (internal quotation marks omitted).

Relief under the "unreasonable application" clause is appropriate "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Habeas petitioners bear the burden of showing that a state court's decision applied some Supreme Court precedent in an objectively unreasonable manner. Woodford v. Visciotti, 537 U.S. 19, 25 (2002) (per curiam).

In determining whether a state court's decision is contrary to, or involves an unreasonable application of, clearly established federal law, courts in this Circuit look to the decision of the highest state court to address the merits of the petitioner's claim in a reasoned decision. See Ylst v. Nunnemaker, 501 U.S. 797, 803-804 (1991); LaJoie v. Thompson, 217 F.3d 663, 669 n.7 (9th Cir. 2000). Moreover, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### III. DISCUSSION

#### A. MERITS

The Sixth Amendment's right to confrontation does not apply to probation revocation proceedings. See United States v. Hall, 419 F.3d 980, 985-86 (9th Cir. 2005). Because "the revocation of [probation] is not part of a criminal prosecution, the full panoply of rights due a defendant in such a proceeding does not apply to [probation] revocations." Morrissey v. Brewer, 408 U.S. 471, 480 (1972); see also Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973). A probationer nevertheless is entitled to due process during a revocation hearing, which includes "the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)." Morrissey, 408 U.S. at 489.

Here, the Court of Appeal found no error in the trial court's decision to admit portions of Ms. Narum's letter without requiring her live testimony. Relying largely on People v. O'Connell, 107 Cal.App.4th 1062, 1064-67 (2003), the appellate court agreed with the trial court's assessment that certain parts of the letter had "sufficient trustworthiness to be relied upon at a probation revocation hearing," given that it "was prepared contemporaneously to, and specifically for, the hearing at which [Petitioner]'s failure to complete the program was at issue." Resp't Ex. B at 6. The panel further opined that since Ms. Narum's testimony "would merely have confirmed an action taken by the program to terminate [Petitioner]," no purpose "would have been served by requiring the memorandum's author [i.e., Ms. Narum] to testify[.]" Id.

The Court is not persuaded that the Court of Appeal's determination was contrary to, or an unreasonable application of Morrissey, Gagnon or any other United States Supreme Court precedent. As noted, the Supreme Court in Morrissey recognized that the hearing officer—in this case, the trial court judge—may dispense with the cross-examination of an adverse witness upon a finding of good cause. 408 U.S. at 489. In this case, the appellate court held that good cause was established based on the reliability of Ms. Narum's letter. Such a finding is consistent with the Supreme Court's recognition that a probation

revocation hearing "is a narrow inquiry" such that "the process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial." Id.

Finally, even if there were error, the error was harmless. See Brecht v. Abrhamson, 507 U.S. 619, 637 (1993) (holding that habeas relief is not warranted unless the error had a "substantial and injurious effect" on the outcome of the proceeding). In United States v. Walker, 117 F.3d 417, 420-21 (9th Cir. 1997), the Ninth Circuit held that the admission of testimony of a probation officer regarding records maintained by another probation officer was harmless where the defendant did not challenge the reliability of the evidence. Here, Petitioner does not challenge the Court of Appeal's finding that the portions of Ms. Narum's letter admitted by the trial court were trustworthy and reliable. Indeed, Petitioner himself admitted to Neal "that he violated the terms of the Narum program." CT 23. In view of these facts, any error resulting from the trial court's consideration of Ms. Narum's letter was harmless.

### B.   CERTIFICATE OF APPEALABILITY

The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability in its ruling. See Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (effective December 1, 2009). The Court declines to issue a certificate of appealability in this case, as Petitioner has not demonstrated that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

### IV.   CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED THAT the petition for a writ of habeas corpus is DENIED. The Court declines to issue a certificate of appealability. The Clerk of the Court shall enter judgment and close the file.

1      IT IS SO ORDERED.

2  Dated: September 28, 2012

                                                 SAUNDRA BROWN ARMSTRONG
                                                 United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JAMES A BARRY JR,

       Plaintiff,

 v.

JOHN F SALAZAR et al,

       Defendant.
                                        /

Case Number: CV09-02641 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 12, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James A. Barry
P.O. Box 152
Calpella, CA 95418


Dated: October 12, 2012
                                  Richard W. Wieking, Clerk

                                        By: Lisa Clark, Deputy Clerk